# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES ALLEN BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHEOBE PUTNEY MEMORIAL )<br>HOSPITAL, ALBANY )<br>JAIL/DOUGHERTY COUNTY )<br>JAIL, and )<br>DIAGNOSTICS/JACKSON GDC, )<br>)<br>Defendants. ) | CV421-038 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Coffee Correctional Facility, has filed a complaint alleging medical malpractice, discrimination, and Eighth Amendment violations. Doc. 1. He has also filed motion seeking leave to proceed *in forma pauperis* (IFP). Doc. 2. Plaintiff's allegations span a period of approximately five and a half years, during which he was incarcerated in at least eight facilities.[1]  Doc. 1 at 4 and 16.  For the

---

[1] Plaintiff has identified the Dougherty County Jail, Lee County Jail, Albany Jail, Georgia Diagnostic and Classification State Prison (Jackson facility (GDC)), Barrow County Jail, Clayton County Jail, Georgia State Prison and Coffee Correctional Facility. Doc. 1 at 4 and 16.

following reasons, the Court **RECOMMENDS** that plaintiff's claim related to inadequate medical care—specifically, the denial of his use of a cane—while at Georgia State Prison be **DISMISSED** and that the remaining claims be **TRANSFERRED** to the Middle District of Georgia.[2]

Plaintiff alleges that on June 15, 2015, he suffered three gunshots and was taken to Phoebe Putney Memorial Hospital in Albany, Georgia. Doc. 1 at 3 and 16. During his examination, it was determined that one bullet remained in his right thigh, which was not removed before he was transported to Dougherty County Jail on two outstanding warrants. *Id.* at 3 at 16. Plaintiff provides no additional details or allegations of misconduct beyond a reference to continued pain and two references to being denied a cane while at Georgia State Prison. Doc. 1 at 4 and 8.

The denial of a cane is the only allegation connected to this district. Doc. 1 at 4 and 8. This claim does not appear to arise from the same transaction or occurrence as those alleged to have occurred in the Middle District of Georgia or to share a common question of fact or law with those claims. Fed. R. Civ. P. 20 (permitting the joinder of claims that "aris[e]

---

[2] As "'the timely payment of a filing fee' is not a 'jurisdictional requisite'" the Court need not resolve plaintiff's IFP motion prior to considering whether transfer is appropriate. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) (quoting *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978).

out of the same transaction, occurrence, or series of transactions or occurrences" or share a common question of law or fact).  It is, therefore, not properly joined to the claims arising in the Middle District.

The Court might sever the claim against the Coffee County Jail, *see* Fed. R. Civ. P. 21, but it is also insufficiently pleaded to stand on its own.  First it is not clear that plaintiff even intends to state a claim against Coffee County Jail, as none of the named defendants are connected to plaintiff's period of incarceration in this district.  Moreover, that plaintiff seemingly filed administrative grievances only at Lee County Jail and Georgia Diagnostic and Classification State Prison suggests that he does not intend to assert a claim based on events that occurred at Georgia State Prison.  Doc. 1 at 7.  To the extent that the facts related to the denial of a cane are clear from the complaint, it also appears time barred.  The Complaint states only that plaintiff's "walking cane was taking [sic] for no reason by authorities in Reidsville (A-2) 2018."  Doc. 1 at 8.  Claims that arose in 2018 are not timely. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts."); O.C.G.A. § 9-3-33 (establishing the statute of limitations for personal injury claims under Georgia law as

two years).  As such, plaintiff's claims relating to the denial of his cane while at Georgia State Prison should be **DISMISSED**.

Ordinarily, *pro se* plaintiffs like defendant are granted at least one chance to amend the complaint before a case is dismissed.  *Wooden v. Armenteros*, 756 F. App'x 951, 953 (11th Cir. 2018) (*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)).  The Court is uncertain whether plaintiff actually intends to pursue claims related to his incarceration in this district.  Moreover, as the statute of limitations has expired, no amendment is likely to salvage the claim.  *See Smith v. Hildebrand*, 244 F. App'x. 288, 290 (11th Cir. 2007) ("A court is not required to permit a plaintiff to amend her pleadings where amendment would be futile. (*citing Corsello v. Lincare*, 428 F.3d 1008, 1014–15 (11th Cir. 2005)).  Regardless, should plaintiff wish to file an amended complaint, he is free to do so during the period for objections to this Report and Recommendation.

Despite identifying seven places of confinement, the only remaining allegations occurred during plaintiff's incarceration in the Middle District of Georgia.  28 U.S.C. § 90(b).  Furthermore, all the named defendants are

located in the Middle District of Georgia. *Id*. Therefore, the proper forum for this case is the United States District Court for the Middle District of Georgia, 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); *see* 28 U.S.C. § 90(b). The Court **RECOMMENDS** that plaintiff's claims relating to the denial of his cane while at Georgia State Prison be **DISMISSED**. Should this Report and Recommendation be adopted, the Clerk of Court is **DIRECTED** to **TRANSFER** the remaining complaint and motion to proceed *in forma pauperis* to the Middle District of Georgia for disposition. The Clerk of Court is **DIRECTED** to forward to plaintiff with this Report and Recommendation a copy of the Complaint for Violations of Civil Rights form (Pro Se 14) for him to use should he decide to amend his complaint or file a separate action relating to any claims that occurred in this district. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA